Seth M. Lehrman (SBN 178303)
seth@epllc.com
EDWARDS POTTINGER LLC
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL 33301
Telephone: 954-524-2820
Facsimile: 954-524-2822

Attorneys for Plaintiff
Retina Associates Medical Group, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RETINA ASSOCIATES MEDICAL GROUP, INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANCEMED, LLC d/b/a ALLIANCEMED and DRAYE TURNER,<br><br>Defendants. | **CLASS ACTION**<br>**JUNK-FAX COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Retina Associates Medical Group, Inc., brings this class action under Rule 23 of the Federal Rules of Civil Procedure against Defendants Alliancemed, LLC d/b/a AllianceMed and Draye Turner for its violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), and the regulations promulgated thereunder.

**JURISDICTION AND VENUE**

1. This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims in this case occurred in this District.

3. The Court has personal jurisdiction over Defendants because they conduct business in this state, including substantial business in this district, and Defendants have committed tortious acts within this state, including conversion of fax recipients' paper, ink, and toner.

## PARTIES

4. Plaintiff Retina Associates Medical Group, Inc., is a citizen of the state of California, with its principal place of business in Orange County, California.

5. Defendant Alliancemed, LLC d/b/a AllianceMed (AllianceMed), is an Arizona limited liability company in good standing with the Arizona Secretary of State and has its principal place of business in Phoenix.

6. Defendant Draye Turner is an individual who on information and belief resides in Arizona.

7. Turner works for AllianceMed as an inside sales representative.

8. Defendants, directly or through other persons acting on their behalf, conspired to, agreed to, contributed to, assisted with, or otherwise caused the wrongful acts and omissions, including the dissemination of the junk faxes that are the subject matter of this Complaint.

## TH THE TCPA AND CORRESPONDING REGULATIONS

9. The Telephone Consumer Protection Act of 1991 (TCPA), Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

10. In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to use any telephone facsimile machine,

-2-

CLASS ACTION COMPLAINT

computer, or other device to send an unsolicited advertisement to a telephone facsimile machine."

11. An "unsolicited advertisement" is defined in the TCPA as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5). Under TCPA regulations, "[t]he term advertisement means any material advertising the commercial availability or quality of any property, goods, or services." 47 C.F.R. § 64.1200(f)(1).

12. In enacting 47 U.S.C. § 227(b), Congress concluded that a prohibition on unsolicited facsimile advertisements is "the minimum necessary to protect unwilling recipients from receiving fax messages that are detrimental to the owner's uses of his or her fax machine." S. Rep. No. 178, 102d Cong., 1st Sess. 6 (1991), 1991 U.S.C.C.A.N 1969, 1975-76 (emphasis added).

13. Accordingly, the amended regulations further provide the additional protection that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(4)(iii) of this section. 47 C.F.R. § 64.1200(a)(4)(iv).

14. Under the TCPA and 47 C.F.R. § 64.1200(a)(3)(iii), the opt-out notice required for all unsolicited facsimile advertisements must meet the following criteria:

    (A)    The notice is clear and conspicuous and on the first page of the advertisement;

    (B)    The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(4)(v) of this section is unlawful;

    (C)    The notice sets forth the requirements for an opt-out request under paragraph (a)(4)(v) of this section

-3-

    (D)    The notice includes—

        (1)    A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

        (2)    If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

    (E)    The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

15. Senders of unsolicited faxed advertisements must fully comply with the opt-out notice requirements of 47 C.F.R. § 64.1200(a)(4)(iii).

## DEFENDANTS' UNLAWFUL COURSE OF CONDUCT

16. Upon information and belief, Defendants have in the past four years systematically and under a uniform policy and procedure sent or arranged to be sent hundreds, or thousands, of fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines or computers to fax machines throughout the United States, including those of Plaintiff and Class Members, which did not contain an opt-out notice as required by the TCPA.

17. The fax advertisements that Defendants caused to be sent contain preprinted, standardized text and format.

18. Defendants' advertising by fax was not sporadic or unorganized, but instead was part of a well-organized mass advertising tactic and campaign.

19. Each fax advertisement sent to Plaintiff and, upon information and belief, to each Class Member routinely failed to include the opt-out notice required by the TCPA and its regulations.

20. An exemplar of one of the fax advertisements that Defendants have sent or caused to be sent to Plaintiff and Class Members is attached hereto as **Exhibit A.**

21. Exhibit A identifies Turner and lacks an opt-out notice.

22. The opt out-notice must advise that "the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph [47 C.F.R.§ 64.1200] (a)(4)(v) of this section is unlawful." See 47 C.F.R. § 64.1200(a)(4)(iii)(B).

23. Exhibit A does not include the mandatory disclosure indicating how a recipient must opt out of receiving future facsimile advertisements as set forth in 47 C.F.R.§ 64.1200(a)(4)(iii)(C) and (4)(v) and does not include "[a] domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender," as required by 47 C.F.R.§ 64.1200(a)(4)(iii)(D)(1)-(2).

24. Upon information and belief, Defendants' sending of the foregoing Fax and others, or Defendants' causing them to be sent, was conscious and deliberate. Defendants either directly participated in sending the faxes itself or an agent or contractor or third party did so on Defendants' behalf with Defendants' knowledge.

25. Upon information and belief, Defendants' sending of the faxes or their causing them to be sent was performed without due care; with reckless disregard concerning the rights and obligations under the TCPA; or when Defendants had reason to know, or should have known, that theirs conduct or the conduct of those acting on their behalf could constitute a violation of the statute.

26. Upon information and belief, Defendants' course of conduct set out above is ongoing and adverse to the public interest and the policies underlying the TCPA. Unless enjoined and restrained by an order of this Court, Defendants will continue to engage in the unlawful acts and practices set out herein. Such actions and conduct by Defendant have violated the TCPA rights of Plaintiff and Class

Members and Defendants' duties to them under the TCPA, and unless enjoined by the Court Defendants will continue to aggrieve Plaintiff and Class Members in the future.

## FACTS CONCERNING THE REPRESENTATIVE PLAINTIFF

27. Plaintiff still has and had, at all relevant times to this action, telephone facsimile service at (714) 633-7470 at its place of business in Orange, California. Plaintiff receives facsimile transmissions (faxes) at this number, using a telephone facsimile machine (fax machine).

28. On or about June 26, 2018, Defendants, without Plaintiff's express invitation or permission, arranged for or caused a telephone facsimile machine, computer, or other device to send an unsolicited fax advertisement, advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at its principal place of business. A copy of the fax advertisement is attached hereto as **Exhibit A** and is incorporated herein by reference.

29. **Exhibit A** was unsolicited in that Defendants sent it to Plaintiff without Plaintiff's express invitation or permission. In addition, as stated above, **Exhibit A** lacks the opt-out notice required by the TCPA.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this class action under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure on behalf of itself and of a similarly situated "Class" or "Class Members" defined as:

> All persons in the United States who (1) on or after four years prior to the filing of this action, (2) were sent a telephone facsimile message of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, (3) with respect to whom Defendants cannot provide evidence of prior express invitation or permission for the sending of such faxes, and (4) with whom Defendants do not have an established business relationship, and (5) which (a) did not display a clear and conspicuous opt-out notice on the first page stating that the recipient may make a request

to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under 47 C.F.R. § 64.1200(a)(4)(v) is unlawful, (b) lacked a domestic contact telephone number for sending the opt-out request, or (b) lacked a facsimile number for sending the opt-out request.

Excluded from the Class Defendants, their employees, agents, and members of the federal judiciary.

31. This action has been brought and may properly be maintained as a class action against Defendants pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable. Plaintiff reserves the right to amend the Class definition if discovery and further investigation reveal that any Class should be expanded or otherwise modified.

32. **Numerosity.** At this time, Plaintiff does not know the exact number of Class Members, but among other things, given the nature of the claims and that Defendant's conducted consisted of a standardized fax campaign and widely disseminated standardized fax electronically sent to particular telephone numbers, Plaintiff believes, at a minimum, there are hundreds of Class Members. Plaintiff believes that the Class is so numerous that joinder of all members of the Class is impracticable and the disposition of their claims in a class action rather than incremental individual actions will benefit the Parties and the Court by eliminating the possibility of inconsistent or varying adjudications of individual actions.

33. Upon information and belief, a more precise Class size and the identities of the individual members thereof are ascertainable through Defendants' records, including, but not limited to Defendants' fax and marketing records.

34. Members of the Class may additionally or alternatively be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail,

-7-
CLASS ACTION COMPLAINT

or combinations thereof, or by other methods suitable to this class and deemed necessary or appropriate by the Court.

35. **Existence and Predominance of Common Questions of Fact and Law**: There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Class. Common questions of law or fact exist as to all members of the Class and predominate over the questions affecting individual Class members. These common legal or factual questions include, but are not limited to, the following:

(a) Whether Defendants or someone acting on Defendants' behalf sent fax advertisements promoting the commercial availability or quality of any property, goods, or services to Plaintiff and Class Members and the legal relationship between Defendants and any person sending those faxes on its behalf;

(b) Whether the fax advertisements sent to Plaintiff and Class Members were sent via mass or organized advertising campaigns and how Defendants acquired the names and fax numbers of Plaintiff and Class Members;

(c) Whether the fax advertisements sent to Plaintiff and Class Members contained the opt-out notice required by the TCPA and its regulations;

(d) Whether the fax advertisements sent to Plaintiff and Class Members violate the TCPA and its regulations;

(e) Whether Defendants willfully or knowingly violated the TCPA or the rules prescribed under it;

(f) Whether Plaintiff and the members of the Class are entitled to statutory damages, treble damages, and attorney fees and costs for Defendants' acts and conduct;

(g) Whether Plaintiff and members of the Class are entitled to statutory damages per facsimile or per violation of the TCPA and its regulations; and

(h) Whether Plaintiff and members of the Class are entitled to a permanent injunction enjoining Defendants from continuing to engage in its unlawful conduct.

36. One or more questions or issues of law or fact regarding Defendants' liability are common to all Class Members and predominate over any individual issues that may exist and may serve as a basis for class certification under Rule 23(c)(4).

37. **Typicality:** Plaintiff's claims are typical of the claims of the members of the Class. The claims of the Plaintiff and members of the Class are based on the same legal theories and arise from the same course of conduct that violates the TCPA.

38. Plaintiff and members of the Class each received at least one fax advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no purported opt-out notice, which Defendants sent or caused to be sent to Plaintiff and the members of the Class.

39. **Adequacy of Representation:** Plaintiff is an adequate representative of the Class because Plaintiff's interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Class and has no interests antagonistic to the members of the Class. Plaintiff has retained counsel competent and experienced in litigation in the federal courts, TCPA litigation, and class-action litigation.

40. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of the claims of the Class. While the aggregate damages which may be awarded to the members of the Class are likely to be substantial, the damages suffered by individual members of the Class are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Class to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendants by any member of the Class. The likelihood of the individual members

of the Class prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Class. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

41.   **Class-Wide Injunctive Relief and Rule 23(b)(2):** Moreover, as an alternative to or in addition to certification of the Class under Rule 23(b)(3), class certification is warranted under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to Plaintiff and members of Class, thereby making appropriate final injunctive relief with respect to Plaintiff and Class Members as a whole.  Plaintiff seeks injunctive relief on behalf of Class Members on grounds generally applicable to the entire Class in order to enjoin and prevent Defendants' ongoing violations of the TCPA, and to order Defendants to provide notice to them of their rights under the TCPA to statutory damages and to be free from unwanted faxes.

## COUNT I
## Telephone Consumer Protection Act
## (Violation of 47 U.S.C. § 227)

42.   Plaintiff incorporates by reference all of the allegations from above.

43.   Plaintiff brings this action individually and on behalf of the Class defined above against Defendants for violation of the TCPA and the rules prescribed under it by the FCC.

44.   At all times material to this action, Defendants were each a person that used or caused to be used a "telephone facsimile machine, computer, or other device"

-10-

to send, to a "telephone facsimile machine" an "unsolicited advertisement" or an "advertisement" within the meaning of the TCPA and its regulations.

45. Defendants sent or caused to be sent hundreds or thousands of these advertisements exemplified by Exhibit A. Plaintiff and each Class Members received at least one of them.

46. Each of the foregoing advertisements violated the TCPA because they failed to contain the opt-out notice required by 47 U.S.C § 227(b)(1)(C)(iii); 47 C.F.R. § 64.1200(a)(4)(iv); and 47 C.F.R. § 64.1200(a)(4)(iii).

47. Accordingly, Plaintiff and the members of the Class are entitled to statutory damages under 47 U.S.C. § 227(b).

48. If it is found that Defendants willfully or knowingly sent or caused to be sent fax advertisements to Plaintiff and the members of Class in violation of the TCPA, Plaintiff requests an increase by the Court of the damage award against Defendants, described in the preceding paragraph, to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3) for willful or knowing violations.

49. Furthermore, Plaintiff and members of the Class are entitled to an order enjoining Defendants' violations of the TCPA under 47 U.S.C. § 227(b), because: Defendants have violated their TCPA rights and Defendants' duties owed to them under the statute; Defendants' violations continue and will continue to violate the statutory rights of Plaintiff and Class Members and others in the future; there is no fully adequate remedy at law for Defendants' conduct; irreparable injury will be suffered unless an injunction is issued to stop Defendants from violating the TCPA; any potential injury to Defendants attributable to an injunction is outweighed by the injury that Plaintiff and Class Members and the public will suffer if such injunction is not issued; and the injunction would not be adverse to the public interest.

**WHEREFORE**, Plaintiff, for itself and all others similarly situated, demands judgment against Defendants, jointly and severally, as follows:

a. certify this action as a class action and appoint Plaintiff as Class representative;

b. appoint the undersigned counsel as Class counsel;

c. award damages of $500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3)(B);

d. award treble damages up to $1,500 per TCPA violation per facsimile pursuant to 47 U.S.C. § 227(a)(3);

e. enjoin Defendants and their contractors, agents, and employees from continuing to send TCPA-violating facsimiles pursuant to 47 U.S.C. § 227(a)(3)(A);

f. award class counsel reasonable attorneys' fees and all expenses of this action and require Defendants to pay the costs and expenses of class notice and claim administration;

g. award Plaintiff an incentive award based upon its time expended on behalf of the Class and other relevant factors;

h. award Plaintiff prejudgment interest and costs; and

i. grant Plaintiff all other relief deemed just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases, or other itemization of telephone or fax numbers associated with the Defendants and the communication or transmittal of advertisements as alleged herein.

| | | |
|---|---|---|
| 1 | DATED: September 14, 2018 | EDWARDS POTTINGER LLC |
| 2 | | |
| 3 | | By: */s/ Seth M. Lehrman*<br>    Seth M. Lehrman |
| 4 | | Attorney for Plaintiff<br>RETINA ASSOCIATES MEDICAL GROUP, INC. |

-13-