UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

Present: The Honorable  **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion for Preliminary Approval of Class Action Settlement

Plaintiff Retina Associates Medical Group, Inc. ("Retina") on its own behalf and on behalf of the putative class filed a motion for preliminary approval of a proposed class action settlement ("Settlement"), and certification of the Settlement Class. Mot., ECF No. 77. Defendant Alliancemed, LLC d/b/a Alliancemed ("AllianceMed") does not oppose the Motion.

For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

**A.  Allegations and Procedural History**

Retina filed its complaint on September 14, 2018 asserting on behalf of a purported class one cause of action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Compl., ECF No. 1. Retina alleges that it received an unsolicited fax advertisement from AllianceMed and Draye Turner ("Turner") on June 26, 2018 that lacked a proper opt-out notice. Id. ¶¶ 28-29, Ex. A. Retina also alleges that for the past four years AllianceMed and Turner have systematically and pursuant to a policy and procedure arranged to fax hundreds or thousands of such unsolicited fax advertisements lacking compliant opt-out notices to recipients such as Retina and the purported class members. Id. ¶ 16.

On November 18, 2019, the Court certified a class against AllianceMed. ECF No. 47. Retina was appointed as class representative and the law firm of Edwards Pottinger

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

LLC as class counsel ("Class Counsel").  <u>Id.</u>  On January 16, 2020, the Court granted a stipulation for dismissal of Retina's claims against Turner and agreed that it would enter an order "amending the Class definition and excluding the alleged forty-four (44) AllianceMed clients by separate order.  ECF No. 58.  As a result, the new class definition is:

> All persons or business entities in the United States who in June 2018, as identified in AllianceMed's fax transmission records produced as CSV files, were successfully sent through Openfax an[] unsolicited fax advertisement by or on behalf of AllianceMed, but will exclude the 44 AllianceMed clients as stipulated by the parties. Excluded from the Class are the forty-four (44) clients of AllianceMed, from whom AllianceMed obtained prior express consent to send facsimile advertisements. The forty-four AllianceMed clients who are excluded from the Class are listed on the Exclusion List attached to the Notice.

ECF No. 66.

The Court denied AllianceMed's motion for summary judgment against Retina on February 12, 2020.  ECF No. 62.

### B. Summary of the Settlement

#### 1. The <u>Settlement</u> Class

The settlement class is identified in the Settlement Agreement as:

> All persons or business entities in the United States who in June 2018, as identified in AllianceMed's fax transmission records produced as CSV files, were successfully sent through Openfax an unsolicited fax advertisement by or on behalf of AllianceMed, but will exclude the 44 AllianceMed clients as stipulated by the parties. Also excluded from the Class are Defendant, its employees, agents, and members of the judiciary.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

Settlement Agreement, § 10.7, ECF No. 77-1. The number of class members is 5,394. Ronald J. Eisenberg Decl., ("Eisenberg Decl."), ¶ 28, ECF No. 77-3.

  2.  Settlement Amount

  AllianceMed agrees to establish a $425,000 settlement fund in consideration for the Settlement and release of claims. Settlement Agreement, § 10.35. The fund will pay for: (1) Settlement Administration Costs; (2) attorneys' fees, costs, and expenses to Class Counsel, as approved by the Court; (3) a class representative award if any, to the representative plaintiff; (4) class recovery on a pro rata basis up to $500 for each to Class Members who submits a valid claim form; and (5) any *cy pres* distribution. Id. AllianceMed will make installment payments via Automated Clearing House ("ACH") to the Settlement Administrator over 30 consecutive months from June 1, 2020, to December 1, 2022 to finance the settlement fund from which the notice and administrative costs will be paid. Id. §§ 10.35, 13.5, 13.6, 15.2.

  After Settlement Administration Costs, any attorneys' fees, costs, and expenses to Class Counsel, and any class representative award, there will be an estimated $262,500 to be distributed to the class members. Eisenberg Decl. ¶ 32. If each class member filed a claim form, each would receive approximately $49. Id. If ten percent of the class members filed claims forms, they would receive approximately $486 each. Id.

  3.  Class Notice

  Notice to the class members will be provided by First Class U.S. Mail within 20 days of the preliminary approval order by the settlement administrator (Angeion Group, LLC). Settlement Agreement § 12.2. No later than 14 days after the entry of the preliminary approval order, the settlement administrator will create a settlement website that contains claims forms which may be submitted online. Id. § 12.9. The claim period is the 60 day period running from the initial mailing of the notice to the class. Id. § 10.5.

  4.  Release

  Class members who do not request exclusion will be deemed to have released claims arising out of the unsolicited fax advertisements sent by AllianceMed during the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

class period.  Id. § 18.1, 18.4.

      5.      <u>Opt-Out and Objection Process</u>

Class members who opt out must postmark and mail a request to opt out before the objection deadline (65 days following entry of the preliminary approval order).  Id. § 12.6.  The deadline to opt out and object will be 60 days after mailing of the class notices. Id. § 12.7.  Class members who do not opt out and object to the proposed settlement must file their objections with the Court.  Id.

      6.      <u>Class Representative Award</u>

Class Counsel will seek an award of no more than $5,000 for the class representative, but the Settlement Agreement contains a no "clear-sailing" provision concerning the class representative award.  Id. § 13.6.

      7.      <u>Attorneys' Fees and Costs</u>

Class Counsel intends to apply for an award of attorneys' fees in the amount of $127,500 (i.e., 30% of the $425,000 settlement), plus costs and expenses.  Mot., 11. AllianceMed reserves the right to object to the request for attorneys' fees, costs, and expenses in the Settlement Agreement.  Settlement Agreement, § 13.5.

      8.      <u>*Cy Pres* Distribution</u>

If at least 525 class members submit a claim, there will be no *cy pres* distribution because each such class member would receive $500.  Id. § 10.35.2; Eisenberg Decl. ¶ 32.  A *cy pres* distribution will occur only if there are any funds remaining after payments for (1) settlement administration costs, (2) attorneys' fees, costs, and expenses, (3) class representative award, and (4) a class recovery up to $500 on a pro rata for class members who submit a claim form or as to any uncashed checks.  Id. §§ 10.35.2, 15.3.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 23(e) states that "[t]he claims … of a certified class—or a class proposed to be certified for purposes of settlement—may be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 18-1670 JVS (KES)                                   Date   7/16/2020

Title   Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al.

settled . . . or compromised only with the court's approval." "The parties must provide the court with information sufficient to enable it to determine whether to give notice of the propos[ed] [settlement] to the class." Fed. R. Civ. P. 23(e)(1)(A). "The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the propos[ed] [settlement] under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal." Id. 23(e)(1)(B)(i)(ii).

### III. DISCUSSION

#### A.   Preliminary Approval of the Proposed Class Settlement

##### 1.   The Fairness Factors Support Settlement Approval

Under Rule 23(e)(2) if the proposed settlement would bind class members, the Court may approve it only after a hearing and only on finding that it is fair, reasonable and adequate. To make this determination, the Court must consider the following factors:

(A) the class representatives and class counsel have adequately represented the class;
(B) the proposal was negotiated at arm's length;
(C) the relief provided for the class is adequate, taking into account:
    (i) the costs, risks, and delay of trial and appeal;
    (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;
    (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and
    (iv) any agreement required to be identified under Rule 23(e)(3); and
(D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Before the revisions to the Federal Rule of Civil Procedure 23(e), the Ninth Circuit had developed its own list of factors to be considered. See e.g., In re Bluetooth Headset Products Liab. Litig., 654 F.3d 935, 964 (9th Cir. 2011) (citing Churchill Vill., L.L.C. v. Gen. Elec., 361 F.3d 566, 575 (9th Cir. 2004)). The revised Rule 23 "directs the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

to present [their] settlement to the court in terms of [this new] shorter list of core concerns[.]" Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "The goal of [amended Rule 23(e)] is . . . to focus the [district] court and the lawyers on the core concerns of procedure and substance that should guide the decision whether to approve the proposal." Id.

### a. *Adequacy of Representation by Class Representatives and Class Counsel*

Under Rule 23(e)(2)(A), the first factor to be considered is whether the class representatives and class counsel have adequately represented the class. This analysis includes for example, "the nature and amount of discovery" undertaken in the litigation, or "the actual outcomes of other cases." Fed. R. Civ. P. 23(e)(2)(A), 2018 Advisory Committee Notes.

The parties conducted written discovery including supplemental responses. Seth Lehrman Decl., ¶ 23, ECF No. 23. Retina took five depositions, including a Rule 30(b)(6) deposition, and AllianceMed deposed Retina's corporate representative. Id. at ¶ 24. Class Counsel has extensive experience in litigating class actions and particular expertise in consumer protection and TCPA litigation. Eisenberg Decl., ¶¶ 39-40; Lehrman Decl., ¶¶ 11-17.

Because Retina and Class Counsel have adequately represented the Class, this factor weighs in favor of preliminary approval.

### b. *Negotiated at Arm's Length*

The second Rule 23(e)(2) factor asks the Court to confirm that the proposed settlement was negotiated at arm's length. Fed. R. Civ. P. 23(e)(2)(B). As with the preceding factor, this can be "described as [a] 'procedural' concern[], looking to the conduct of the litigation and of the negotiations leading up to the proposed settlement." Fed. R. Civ. P. 23(e)(2), 2018 Advisory Committee Notes. "[T]he involvement of a neutral or court-affiliated mediator or facilitator in [settlement] negotiations may bear on whether th[ose] [negotiations] were conducted in a manner that would protect and further the class interests." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes; accord Pederson v. Airport Terminal Servs., No. 15-cv-02400, 2018 WL 2138457, at *7 (C.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

Cal. April 5, 2018) (the oversight "of an experienced mediator" reflected noncollusive negotiations).

The parties participated in two mediation sessions. The first in May 2019 before the Honorable John Hughes (retired) of JAMS, and the second on April 21, 2020 before Stacie Feldman Hausner, Esq. Lehrman Decl., ¶ 28. A settlement was reached in theory during the second mediation and the parties continued negotiations after the second mediation to agree to the Settlement. Id. The second mediation was conducted after contested motions for summary judgment and class certification, and after several motions *in limine* had been filed. The Court is confident in the arm's length process the parties undertook, and finds that the Settlement is not the production of collusion.

### c. *Adequacy of Relief Provided for the Class*

The third factor the Court considers is whether "the relief provided for the class is adequate, taking in to account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)." Fed. R. Civ. P. 23(e)(2)(C). Under this factor, the relief "to class members is a central concern." Fed. R. Civ. P. 23(e)(2)(C), Advisory Committee Notes.

### i. Costs, Risks, and Delay of Trial and Appeal

"A[] central concern [when evaluating a proposed class action settlement] . . . relate[s] to the cost and risk involved in pursuing a litigated outcome." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. In evaluating this factor, the Court "must stop short of the detailed and thorough investigation that it would undertake if it were actually trying the case[.]" Kullar v. Foot Locker Retail, Inc., 168 Cal. App.4th 116, 130 (2008). "In the context of a settlement . . . the test is not the maximum amount plaintiffs might have obtained at trial on the complaint, but rather whether the settlement is reasonable under all of the circumstances." Wershba v. Apple Computer, Inc., 91 Cal. App.4th 224, 250 (2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

Retina and class counsel balanced the risk of continuing with protracted and contentious litigation against the benefits to the class in supporting the Settlement and concluding that it is fair, reasonable, and adequate in their experience with TCPA class actions. Lehrman Decl., ¶ 41; Eisenberg Decl., ¶¶ 34, 40. Retina also "recognizes the expense and amount of time required to continue to pursue the Litigation, the uncertainty, risk, and difficulties of proof inherent in prosecuting TCPA claims, and the challenges of winning and then collecting a judgment." Mot., 3. AllianceMed also recognizes that while it has strong defenses, if it loses at trial damages could be significantly higher than the settlement amount. Id. at 14; Lehrman Decl., ¶ 42; Eisenberg Decl., ¶ 35. Furthermore, pending before the Court are six motions in limine and AllianceMed has preserved for appeal its arguments against class certification. Mot., 14. Given the uncertainty of further contentious litigation and continued expenses associated with such, the $425,000 Settlement (minus deductions) constitutes adequate relief.

While not determinative, Retina should provide the Court a rough measure of potential liability in moving for final approval.

ii. <u>Effectiveness</u> of <u>Proposed</u> <u>Method</u> of <u>Relief</u> <u>Distribution</u>

Next, the Court must consider "the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims." Fed. R. Civ. P. 23(e)(2)(C). "Often it will be important for the court to scrutinize the method of claims processing to ensure that it facilitates filing legitimate claims." Fed. R. Civ. P. 23(e), 2018 Advisory Committee Notes. "A claims processing method should deter or defeat unjustified claims, but the court should be alert to whether the claims process is unduly demanding." Id.

The Settlement Administrator will provide notice via First Class U.S. Mail to class members. Settlement Agreement § 12.2. Claims forms will also be available on the Settlement website and may be submitted online. Id. § 12.9. To be valid, the claim form is required to be substantially filled out, timely, and correct (defining incorrect as forms that contain false statements or if the class member otherwise is not entitled or authorized to be treated as claimed). Id. § 10.40. The sample claim form was attached to the Settlement Agreement at Exhibit A. The Settlement will be distributed via mailed checks to the address given by the class member on valid claim forms. Id. §§ 15.6, 16. Having reviewed the claim form, the Court finds that this process is not unduly demanding, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

that the proposed method of distributing relief to the Class is effective.

### iii. Terms of Proposed Award of Attorneys' Fees

Third, the Court must consider "the terms of any proposed award of attorneys' fees, including timing of payment." Fed. R. Civ. P. 23(e)(2)(c).

Although the Settlement Agreement contains a no "clear-sailing" provision as to Class Counsel's compensation, Class Counsel intends to seek 30% of the Settlement Amount, which exceeds the Ninth Circuit benchmark of 25%. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998); see also Bluetooth, 654 F.3d at 942 ("Where a settlement produces a common fund for the benefit of the entire class, . . . courts typically calculate 25% of the fund as the 'benchmark' for a reasonable fee award, providing adequate explanation in the record for any 'special circumstances' justifying a departure."). Because the fee award counsel intends to seek exceeds the Ninth Circuit benchmark, the Court is unlikely to grant Class Counsel 30% of the Settlement, absent a strong showing that such an award is justified.

Nonetheless, this factor is not an impediment to preliminary approval. However, Class Counsel will need to provide the relevant information to justify their entitlement to their requested fee award, including a lodestar calculation with evidentiary support.

### iv. Agreement Identification Requirement

The Court must also evaluate any agreement made in connection with the proposed Settlement. See Fed. R. Civ. P. 23(e)(2)(C)(iv), (e)(3). Here, the Settlement Agreement before this Court is the only agreement. Thus, the Court need not evaluate any additional agreements outside of the evaluation it makes of the Settlement Agreement.

\* \* \* \* \* \* \*

Given the uncertainty of further contentious litigation and continued expenses associated with such, and the effectiveness of the proposed distribution, the Court finds that the $425,000 Settlement (minus deductions) constitutes adequate relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    SACV 18-1670 JVS (KES)                              Date    7/16/2020

Title       Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al.

        *d.*      *Equitable Treatment of Class Members*

      The final Rule 23(e)(2) factor turns on whether the proposed settlement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). "Matters of concern could include whether the apportionment of relief among class members takes appropriate account of differences among their claims, and whether the scope of the release may affect class members in different ways that bear on the apportionment of relief." Fed. R. Civ. P. 23(e)(2)(D), 2018 Advisory Committee Notes.

      Class Counsel will seek an award of no more than $5,000 for the class representative, but the Settlement Agreement contains a no "clear-sailing" provision concerning the class representative award. Id. § 13.6. Class members will receive a pro rata share which is estimated at $49 if each class member filed a claim form and did not opt out, or if ten percent of the class members (540 members) filed claims forms, they would receive approximately $486 each. Lehrman Decl., ¶ 39.

      It is unclear on the present record what the scope of Retina's participation in the action was, and hence, the Court cannot assess the proposed additional payment. See Boyd v. Bank of Am. Corp., No. 13-cv-0561-DOC, 2014 WL 6473804, at *7 (C.D. Cal. Nov. 18, 2014) (citing Staton v. Boeing Co., 327 F.3d 938, 976–77 (9th Cir. 2003)). The Court will only approve the class representative's awards if it is supported by adequate proof, including Retina's approximate time spent on the case. The Court is unlikely to grant awards that far exceeds the individual payments made to class members absent proof of significant participation. The Court can better judge the fairness of an award when there is further evidence of what a typical class members amount would receive in light of the number of claims.

      Class Counsel shall submit a declaration from Retina supporting its award when Class Counsel files the fee motion. Other than the Court's stated concern regarding the sufficiency of documentation supporting Retina's enhanced payment, which the Court will address in the final settlement approval, the Court is satisfied that all class members are treated equitably.

      **B.**      **Preliminary Certification of the Proposed Settlement Class**

      The second prerequisite for directing notice of the Settlement to the Class is a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

determination that the Class is likely to meet the requirements for certification for settlement purposes. Fed. R. Civ. P. 23(e)(1)(B)(ii). Certification requires that all four elements of Rule 23(a) and at least one prong under Rule 23(b) be satisfied. The Court examines each requirement to determine whether the Class can be certified for purposes of the Settlement Agreement.

      1.    <u>The Proposed Settlement Class Meets the Requirements Under Fed. R. Civ. Pro. 23(a)</u>

Rule 23(a) imposes four prerequisites for class actions: (1) the class is so numerous that a joinder of all members is impracticable (numerosity); (2) there are questions of law or fact common to the class (commonality); (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (4) the representative parties will fairly and adequately protect the interests of the class (adequacy). Fed. R. Civ. P. 23(a); <u>United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.</u>, 593 F.3d 802, 806 (9th Cir. 2010).

The Court previously certified a class in this action. <u>See</u> Orders, ECF Nos. 47, 66. The Settlement Class and the class previously certified by this Court is the same. Order, ECF No. 66 <u>cf.</u> Settlement Agreement § 10.7. Accordingly, the Court finds it unnecessary to reiterate the class action prerequisites under Rule 23(a).

      2.    <u>The Proposed Settlement Class Meets the Requirements Under Federal Rule of Civil Procedure 23(b)(3)</u>

Because the proposed settlement class satisfied the prerequisites under Rule 23(a), the Court must now consider whether it also satisfies Rule 23(b). Based on the following analysis, the Court finds that it meets the requirements of Rule 23(b)(3).

Under Rule 23(b)(3), a plaintiff must show (1) that common factual and legal issues predominate over individual questions and (2) that a class action is a superior method to resolve the class claims. Fed. R. Civ. P. 23(b)(3). There are several relevant factors to consider during this analysis: (1) the class members' interest in individually controlling the prosecution or defense of separate actions, (2) the extent and nature of any litigation concerning the controversy already begun by or against class members, (3) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (4) the likely difficulties in managing a class action. Id. 23(b)(3)(A)–(D). Here, the Court finds (1) that common factual and legal issues predominate over individual questions and (2) that a class action is a superior method to resolve the class claims.

>  a. *Common Factual and Legal Issues Predominate Over Individual Questions.*

To meet the predominance requirement, common questions must be so significant that a single suit resolves all the issues at dispute for all of the class members. Berger v. Home Depot USA, Inc., 741 F.3d 1061, 1067 (9th Cir. 2014), abrogated on other grounds by Microsoft Corp. v. Baker, 137 U.S. 1702 (2017). This predominance inquiry is a more rigorous analysis, and it presumes that there is commonality. Gold v. Midland Credit Mgmt., Inc., 306 F.R.D. 623, 633 (N.D. Cal. 2014).

As explained previously, the Court has found that common questions of law and fact predominate over individual questions. See Order, Docket No. 47 at 10-12.

>  b. *A Class Action is a Superior Method to Resolve the Class Claims*

The Court has found that a class action is a superior method to resolve the claims. See id. at 12-13.

If all class members brought individual actions, they would need to prove the same wrongdoing by AllianceMed, using the same evidence. Resolving these claims through a class action avoids the inefficiency of repetitious litigation and the potential risk of inconsistent rulings. Additionally, litigating each claim individually is unrealistic, as this would impose extraordinary burdens on the parties. See Wren v. RGIS Inventory Specialists, 256 F.R.D. 180, 210 (N.D. Cal. 2009) (finding class action superior where "[t]he alternative–hundreds or even thousands of individual actions–is not realistic."). Further, the amount in dispute for individual class members is too small, and the required expert testimony and document review is too costly. See Just Film, Inc. v. Buono, 847 F.3d 1108, 1123 (9th Cir. 2017). Moreover, any class member who desires to pursue a separate action may opt out of the Settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No. SACV 18-1670 JVS (KES)     Date 7/16/2020

Title    Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al.

**C. The Proposed Settlement Class Meets the Notice Requirements Under Fed. R. Civ. Pro. 23(c)(2)(B)**

Under Rule 23(c)(2)(B), "for any class certified under Rule 23(b)(3)—or upon ordering notice under Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)—the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Rule 23(c)(2)(B) further states that the notice may be made by one of the following: United States mail, electronic means, or another type of appropriate means. Id. "The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3)." Id.

The Court finds that the notice clearly and adequately conveys all relevant information regarding the proposed Settlement as required by Rule 23(c)(2)(B). The notice concisely states a description of the action and the definition of the certified class. See ECF No. 77-1, Ex. A. It identifies the class claims, and explains that class members may enter an appearance through an attorney if the member so desires. Id. Finally, the notice states that the Court will exclude from the class any member who requests exclusion, the time and manner for requesting exclusion, and the binding effect of a class judgment on members under Rule 23(c)(3). Id. Additionally, the notice will be mailed via First Class U.S. Mail within 20 days of the preliminary approval order by the settlement administrator. Settlement Agreement §§ 12.1-12.3. The settlement administrator will also create a settlement website which will contain the notice. Id. at §12.9.

Accordingly, the proposed Settlement Class generally meets the requirements for notice.

**IV. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** the motion certifying the proposed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 18-1670 JVS (KES) | Date | 7/16/2020 |
|---|---|---|---|
| Title | Retina Associates Medical Group, Inc. v. Alliancemed, LLC, et al. | | |

Settlement Class, granting preliminary approval of the proposed settlement, directing dissemination of notice to the Class pursuant to the proposed notice plan, and appointing Angeion Group, LLC as the Settlement Administrator for the dissemination of notice. Class Counsel shall file a motion for final settlement approval within forty-five (45) days of the response deadline.

**IT IS SO ORDERED.**

:  0

Initials of Preparer    lmb